


FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 16 2011

JAMES N. HATTEN, CLERK
By: [signature]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO.<br>**1-11-CV-1604** -ODE |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| CHUEN KONG HOLDING, INC. d/b/a<br>UNITED FOOD and XIN GRO (AKA) VICTOR,<br>an individual, | )<br>)<br>) | |
| Defendants. | )<br>) | **COMPLAINT**<br>(Injunctive Relief Sought) |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants enjoined from violating the provisions of § 6, 7, 11(c) and 15(a) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and to have Defendants restrained from withholding unpaid minimum wages.

I

This Court has jurisdiction over this action pursuant to § 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendants, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Clayton County, Georgia.

Defendants, at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees, therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since December 20, 2008, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V

Since December 20, 2008, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by

2

employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since December 20, 2008, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, 11(c) and 15(a) of the Act and restraining the withholding of payment of back wages found by the Court to be due employees under the Act, for a period of three years prior to the commencement of this action, and for such other and further relief as may be necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5448
(404) 302-5438 (FAX)

Email:
walter.robert@dol.gov
atl.fedcourt@dol.gov (Primary)

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor


By: /s/ Robert L. Walter
ROBERT L. WALTER
Counsel
Georgia Bar No. 753410

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.