UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HILDA L. SOLIS, )
Secretary of Labor, )
United States Department of Labor, ) FILE NO.
 )
    Plaintiff, ) **1:11-CV-1604**
 )
v. )
 )
CHUENG KONG HOLDING, INC. d/b/a )
UNITED FOOD and XIN GUO (AKA) VICTOR, )
an individual, )
 )
    Defendants. )

## CONSENT JUDGMENT

This cause came on for consideration upon Plaintiff's motion and Defendants Chueng Kong Holding, Inc. d/b/a United Food and Xin Guo (aka) Victor, an individual (hereinafter "Defendants"), consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

    1.    They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in

commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2.  They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3.  They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.2.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages in the total amount of $311,905.34 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment Defendants shall deliver to the Plaintiff a separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in eight installments as follows:

| AMOUNT | ON OR BEFORE |
|---|---|
| $77,976.34 | May 8, 2011 |
| $38,988.17 | May 18, 2011 |
| $38,988.17 | June 18, 2011 |
| $38,988.17 | July 18, 2011 |
| $38,988.17 | August 18, 2011 |
| $38,988.17 | September 18, 2011 |
| $38,988.17 | October 18, 2011 |
| $38,988.17 | November 18, 2011 |

Defendants also shall provide Plaintiff with a schedule showing their employer I.D. number and the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand

3

required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. It is

FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This _10_ day of _June 2011_.

_____
UNITED STATES DISTRICT JUDGE

Defendants consent to entry
of the foregoing Judgment:

XIN GUO (aka) Victor

_____
XIN GUO (aka) Victor
Individually

CHUEG KONG HOLDING, INC. d/b/a
UNITED FOOD

By: _____
JOHN M. (JACK) MCGOVERN
McGovern Law Firm
7000 Miller Court E.
Norcross, GA 30071
Attorney for Defendants

Plaintiff moves entry of
the foregoing Judgment:

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

By: _____
ROBERT L. WALTER
Counsel
walter.robert@dol.gov

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5435
(404) 302-5438 (FAX)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Consent Judgment and Order between the Secretary of Labor and Defendants Chuen Kong Holding, Inc. d/b/a United Food and Xin Gro (aka) Victor was served by first class mail this 12th day of May, 2011, addressed to:

> John M. (Jack) McGovern, Esq.
> McGovern Law Firm
> 7000 Miller Court E.
> Norcross, GA  30071

*[signature]*
ROBERT L. WALTER
Counsel

SOL Case No. 11-04005